**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

JESSE E. KELLY,

                    Petitioner,                                  Case Number: 05-CV-74517

v.                                                                HONORABLE ARTHUR J. TARNOW

KENNETH ROMANOWSKI,

                    Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR
WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

        Petitioner Jesse E. Kelly has filed a *pro se* petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2254.  At the time he filed his petition, Petitioner was incarcerated at the Gus

Harrison Correctional Facility in Adrian, Michigan.[1]  Petitioner challenges his conviction for

felonious assault.  For the reasons which follow, the Court dismisses the petition without

prejudice.

**I.        Background**

        Petitioner pleaded guilty in Schoolcraft County Circuit Court to felonious assault.  On

May 15, 2003, Petitioner filed a motion to withdraw his plea on the ground that he believed he

would be found innocent at trial and that his attorney coerced him into pleading guilty by

---

        [1]  Petitioner has since been discharged from custody.  Article III, § 2, of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This case or controversy requirement means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990).  Where a habeas corpus petitioner challenges a conviction pursuant to which the petitioner is no longer incarcerated, collateral consequences sufficient to satisfy the case or controversy requirement will generally be presumed.  Sibron v. New York, 392 U.S. 40, 55 (1968).  Thus, Petitioner's discharge does not render his petition moot.

Kelly v. Romanowski, No. 05-cv-74517

predicting that he would be found guilty at trial.  Petitioner further argued that, although there

was no plea agreement, his attorney advised him that the court would give consideration to

Petitioner's acceptance of responsibility in sentencing him.  The trial court denied the motion.

On May 22, 2003, Petitioner was sentenced to eighteen to forty-eight months imprisonment.

Petitioner, through appointed counsel, filed an application for leave to appeal in the

Michigan Court of Appeals, presenting the following claim:

> The trial court erroneously denied defendant a motion to withdraw his guilty plea
> prior to sentencing despite his consistent claim of self defense, coercive pressure
> by his counsel to plead and the prosecution's admission that withdrawal of the
> plea would pose no prejudice.

The Michigan Court of Appeals denied leave to appeal.  People v. Kelly, No. 255585

(Mich. Ct. App. June 30, 2004).  Petitioner filed an application for leave to appeal in the

Michigan Supreme Court, raising the same claim presented to the Michigan Court of Appeals.

The Michigan Supreme Court denied leave to appeal.  People v. Kelly, No. 126863 (Mich. Feb.

28, 2005).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the

following claims:

I.    Conviction obtained by a plea of guilty without understanding the consequences
      of the plea.

II.   Denial of effective assistance of counsel.

III.  Unconstitutional failure of prosecutor to disclose facts which would be favorable
      to the defense.

2

Kelly v. Romanowski, No. 05-cv-74517

**II.     Discussion**

Respondent argues that the petition should be dismissed because Petitioner's second and third claims are unexhausted. The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000); Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. O'Sullivan, 526 U.S. at 845. A prisoner "'fairly presents' his claims to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." Levine v. Torvik, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also* Prather v. Reese, 822 F.2d 1418, 1420 (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See* Mohn v. Bock, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also* Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. Rust, 17 F.3d at 160.

Petitioner admits that he has not presented his third claim, that the prosecutor improperly withheld exculpatory information, in state court. That claim is therefore unexhausted.

Kelly v. Romanowski, No. 05-cv-74517

Respondent argues that Petitioner's second claim, that he received ineffective assistance of counsel, is unexhausted because: (i) Petitioner failed to present the claim as a federal issue, and (ii) it was not included in the "statement of issues presented" in the brief filed in the Michigan Court of Appeals and Michigan Supreme Court, and, therefore, not properly presented to the state appellate courts.  The Court need not address these arguments regarding exhaustion because, although Petitioner presented an ineffective assistance of counsel claim on direct appeal, the basis for that ineffective assistance claim differs from the basis for the ineffective assistance claim presented in the habeas petition. *See* <u>Lyons v. Stovall</u>, 188 F.3d 327 (6th Cir. 1999) (holding that where the basis for a petitioner's ineffective assistance of counsel claim as argued in the federal courts was not the same basis as argued in the state courts, the petitioner had not exhausted his state court remedies).  Therefore, the ineffective assistance of counsel claim presented in the habeas petition is unexhausted.

Michigan Court Rules provide a process through which Petitioner may present his unexhausted claims.  Petitioner may file a motion for relief from judgment pursuant to M.C.R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on Petitioner's claim.  Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court.  To obtain relief, he will have to show cause for failing to raise his unexhausted claim on his appeal of right to the Michigan Court of Appeals and resulting prejudice or a significant possibility of

4

Kelly v. Romanowski, No. 05-cv-74517

innocence.  *See* Mich. Ct. R. 6.508(D)(3).  Petitioner's unexhausted claims should be addressed

to, and considered by, the state courts in the first instance.

When a petitioner filed a mixed habeas petition, that is, one presenting exhausted and

unexhausted claims, a district court has discretion to dismiss the petition without prejudice or to

stay the matter and hold further proceedings in abeyance pending exhaustion of state court

remedies.  Rhines v. Weber, 544 U.S. 269, 277-279 (2005).  However, the Supreme Court has

cautioned that "stay and abeyance should be available only in limited circumstances."  Id. at 277.

The Court recognized that the "stay-and-abeyance" procedure addresses the problem presented

when a petitioner files a timely but mixed petition in federal district court and the district court

dismisses it under the rule requiring total exhaustion after the limitations period expires.

Because the filing of a petition for habeas corpus in federal court does not toll the statute of

limitations under 28 U.S.C. § 2244(d)(2), any subsequently filed habeas petition would be

untimely.  Recognizing the "gravity of this problem," the Supreme Court held that a federal court

may stay a petition in federal court to allow the petitioner to present unexhausted claims in the

state court and then return to federal court for review of his petition, provided that the petitioner

has "good cause" for his failure to present the claims in state court and that the unexhausted

claims are not "plainly meritless."  Id.  Petitioner explains that he did not present his

unexhausted claim on direct review because he was unaware of the factual predicate for the

claim at the time his direct appeal was filed.  However, Petitioner does not explain why he did

not seek to exhaust this claim by filing a motion for relief from judgment in the trial court before

5

Kelly v. Romanowski, No. 05-cv-74517

seeking habeas relief. Therefore, the Court exercises its discretion and dismisses the petition

without prejudice so that Petitioner may exhaust his unexhausted claim.

The Court is mindful that, in dismissing a petition without prejudice, a district court must

not "'jeopardize the timeliness of a collateral attack.'" Palmer v. Carlton, 276 F.3d 777, 781 (6th

Cir. 2002), *quoting* Zarvela v. Artuz, 254 F.3d 374, 380 (2d Cir. 2001). The Court, thus, shall

adopt the safeguards approved by the Sixth Circuit in Hargrove v. Brigano, 300 F.3d 717, 719-

721 (6th Cir. 2002). The Court shall dismiss the petition without prejudice and the one-year

limitations period shall be tolled from the date Petitioner filed his petition, November 22, 2005,

until Petitioner returns to federal court. This tolling of the limitations period is conditioned upon

Petitioner "pursu[ing] his state remedies within thirty days of [this Court's Order] and

return[ing] to federal court within thirty days of exhausting his state remedies." Hargrove, 300

F.3d at 718.

Finally, if Petitioner decides not to pursue exhaustion of his unexhausted claims in state

court, he may file a motion in this Court within thirty days of the date of this Order requesting

that the matter be reopened and the unexhausted claims deleted.

**III.   Conclusion**

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus

is **DISMISSED WITHOUT PREJUDICE**.

6

Kelly v. Romanowski, No. 05-cv-74517

**IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28 U.S.C.

§ 2244(d)(1) shall be tolled from November 22, 2005, until the time Petitioner returns to federal

court to pursue habeas relief, provided that (i) Petitioner presents his unexhausted claims to the

state court within thirty days from the date of this order and (ii) Petitioner returns to this Court to

pursue habeas corpus relief within thirty days of exhausting state court remedies.

s/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated:  May 1, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 1, 2007, by
electronic and/or ordinary mail.

s/Catherine A. Pickles
Judicial Secretary